IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL SHERIFAW | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| vs. | ) | NO. |
| | ) | |
| | ) | |
| SYDNEY FOOD LLC 138, | ) | Jury Trial Demanded |
| and GRADE, INC. | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Michael Sherifaw ("Plaintiff") and files this lawsuit against Defendants Grade, Inc. and Sydney Food LLC 138 (hereinafter "Defendants") and shows the following:

## INTRODUCTION

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

Plaintiff brings this action against Defendants for damages, declaratory relief and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201 *et seq.* ("FLSA").

3.

Defendants violated the FLSA by failing to compensate Plaintiff for all hours that he worked and by failing to compensate him at the legally appropriate overtime rate for hours he worked in excess of forty (40) hours during a given workweek.

4.

Defendants further violated Plaintiff's rights under the FLSA by retaliating against him when he sought to be a witness for another employee who had reported the Defendant's illegal pay practices.  Moreover, Defendants further retaliated against him when he complained about Defendant's actions of altering his employment compensation, failing to pay him for all hours worked, and failing to pay him overtime compensation.

**Jurisdiction and Venue**

5.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216 (b) (FLSA).

6.

Venue is proper in the Northern District of Georgia under 42 U.S.C. § 2000e-5 (f)(3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful acts and employment practices giving rise to this Complaint occurred within this District.

Additionally, the employment records relevant to such practices are maintained and administered at the Defendants' principle offices that are located in this judicial district and the Defendants are subject to this Court's personal jurisdiction.

7.

Grade Inc. is a Georgia corporation with its principle office address at 6142 Old Dixie Highway, Forest Park, Georgia 30297.  Grade, Inc. regularly transacts business in the State of Georgia and may be served through its registered agent, Shams Nanji, at 6142 Old Dixie Highway, Forest Park, Georgia 30297.

8.

Sydney Food, LLC is a Georgia corporation with its principle office address at 6142 Old Dixie Highway, Forest Park, Georgia 30297.   Sydney Food, LLC regularly transacts business in the State of Georgia and may be served through its registered agent, Shams Nanji, at 500 Bishop Street, Suite ELL-1, Atlanta, GA 30318.

9.

During all times material hereto, Defendants were the "joint employer" of Plaintiff for purposes of the FLSA because the Defendants shared the services of Plaintiff.  Moreover, all Defendants were under the common control and shared control of Plaintiff's employment at all times material to this action.

10.

At all times material to this action, Defendants, as merchandise brokers associated with gasoline stations and convenience stores, were enterprises in commerce or in the production of goods for commerce as defined by §203(d) of the FLSA.

**Factual Allegations**

11.

From December 3, 2011 until May 25, 2013, Plaintiff worked for the Defendants and was paid on an hourly basis of $9.00 per hour.

12.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek.

14.

Despite being fully aware that Plaintiff worked more than forty (40) hours in a workweek, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §204 and §207.

15.

Additionally, Defendants violated the FLSA by failing to compensate Plaintiff for all hours that he worked.

16.

Plaintiff's work was performed for the benefit of the Defendants, in the normal course of Defendants' business and was integrated into the business of the Defendants.

### Count One: Wage Requirement of the Fair Labor Standards Act (Overtime)

17.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay wages for all hours that Plaintiff worked.

18.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay the wage differential for all hours that Plaintiff worked in excess of forty (40) hours in a workweek.

19.

Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation.

20.

Defendants knew, or showed reckless disregard for the fact that it failed to

pay Plaintiff overtime compensation in violation of the FLSA.

21.

Defendants' conduct was willful and in bad faith.

22.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

### Count Two-Violations of FLSA – Retaliation

23.

Plaintiff reincorporates and readopts all allegations within Paragraph 1-22 above.

24.

Plaintiff makes a claim against Defendants under the FLSA for retaliation.

25.

In early 2013, an employee of Defendant sought to have Plaintiff testify as to Defendants' violation of the FLSA which included failure to pay its employees overtime and for all hours worked.  Plaintiff agreed to assist the employee by being a witness as to the illegal pay practices.

26.

Defendant learned of Plaintiff's intention and sought to have Plaintiff provide false testimony by signing a statement designed to undercut the employee's credibility and to supply a false reason for the employee's termination.

27.

Plaintiff refused to sign the statement.

28.

Because of his refusal, Plaintiff was retaliated against and was subjected to hostile work environment, in whole or in part, because he agreed to assist the employee concerning Defendants' violation of the FLSA. Plaintiff also objected to Defendants' failure to pay Plaintiff overtime.

29.

Defendant's retaliatory acts affected Plaintiff's pay and overall compensation.

30.

As a result of the unlawful retaliation, Plaintiff lost back pay and other compensation. Because the retaliation was an intentional violation of the FLSA, Plaintiff is entitled to liquidated damages. In addition, Plaintiff is entitled to recover front pay, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** having shown just cause, Plaintiff respectfully requests this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment in favor of Plaintiff and award Plaintiff all damages allowed by law, including but not limited to back pay, compensatory damages, front pay, lost benefits, and other damages for lost compensation and job benefits; pre-judgment interest on lost wages at a rate the Court deems just and equitable, court costs, expert witness fees, reasonable attorneys' fees, punitive damages, nominal damages, and all other remedies allowed.

(C)   Enter judgment on behalf of the Plaintiff and award Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207; §6, 29 U.S.C. §206(d), liquidated damages as provided by 29 U.S.C. §216, front pay, lost benefits, and other damages for lost compensation and job benefits; pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and

(D)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(E)   Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted: May 3, 2016.

/s/ Debra K Scott, Esq.
Georgia Bar No. 631980

PETREE & SCOTT
2296 Henderson Mill Rd.
Suite 404
Atlanta, GA 30345
Tel:  404-938-1061
Fax: 770-939-7855
Email: dscott@petreescott.com